## Franklin, Appellant, *v.* Laubach.

*Judgment—Opening judgment—Landlord and tenant—Lease on shares—Breach of covenant.*

A judgment entered on a warrant to confess judgment in a lease on shares, for default in payment of rent, will be opened where the evidence shows that the lessor was to receive a certain portion of the grain, hay, fruits and potatoes raised on the demised premises, but there is no sufficient evidence to show that at the time judgment was entered the crops had been harvested or at least prepared and made ready for delivery in accordance with the terms of the lease.

Argued March 3, 1913.     Appeal, No. 23, March T., 1912, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1907, No..213, on verdict for defendant in case of J. E. Franklin v. C. M. Laubach.     Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Issue to determine the validity of a judgment.     Before HALL, P. J., specially presiding.

The court charged in part as follows:

The case that we have here for consideration arises on an issue framed by the court upon a motion to open judgment which was confessed against the defendant in this case by virtue of a power of attorney contained in a lease made on March 11, 1907, between J. E. Franklin, the plaintiff, and C. M. Laubach, the defendant, for a certain farm known as the William Franklin farm, containing about 100 acres on the west side of Huntington Creek and below the village of Huntington Mills. The lease was for the term of one year, and the consideration was that said C. M. Laubach shall pay for the use of said farm to J. E. Franklin one-third of the grain and potatoes raised, one-half of the hay and one-half of the fruits, all of said products to be gathered by the defendant and housed until called for, and the grain and part of the fruit to be delivered at Shickshinny freight depot, if desired, said J. E. Franklin to pay all turnpike tolls incident thereto. The lease then contains the clause: "On failure to pay the rents, shares, as aforesaid, the party of the second part stands bound in the penal sum of $500 and confesses judgment for that sum, waiving exemption, appraisement, appeal and release of all errors."

It is claimed by the defendant that the tenant under this lease raised certain crops of which the lessor's interest would have amounted to a value of $130. That is according to his own estimate and his own testimony.

It appears that on June 14, following the execution of this lease to the defendant in this case, that the plaintiff executed another lease or contract with a Mr. Dohl, whereby he sold him the standing timber upon these premises, with the right of ingress and egress for the purpose of cutting and manufacturing this timber on the mill and carrying it away; and that in pursuance of that contract Mr. Dohl went upon the premises, erected a mill there, cut the timber, manufactured it and hauled the logs over and about this farm.

On October 24, the plaintiff in this case, under a claim

that there had been a breach of the contract upon the part of Mr. Laubach to pay his rents or shares as provided in his lease, entered judgment in the courts of this county for the penal sum contained in the lease, to wit, in the sum of $500, and issued an execution thereon, under which the sheriff made a levy upon all of the goods of the defendant in this case which were upon that property. The defendant came into court and so proceeded that that judgment was opened and the plaintiff was directed to file his declaration and an issue was framed to determine whether or not anything was due him under this lease. Upon the trial of that case before, the learned judge who tried it entered a nonsuit upon the ground that the testimony showed eviction and that there could be no recovery under the facts and circumstances of the case. That nonsuit was taken off for reason that the court thought there might be a question of fact for the jury as to whether or not any rent had accrued up to the time of the entry upon this farm by Dohl. I do not know what the testimony was in that case, but certainly in the present case there is no testimony showing that any rent had accrued up to that time, for the reason that this rent was payable in kind or in crops, [and there is no testimony to show that any potatoes or hay or fruit or grain had been harvested or gathered prior to the time of the making of this lease with Dohl, nor in the nature of things could there have been any crops harvested on June 14.] [1]

[We are of the opinion, as the trial judge was on the trial before, that there is ample evidence here of such breaches of this lease upon the part of the lessor as to constitute what in law is a technical eviction, which would suspend the payment of the rent.] [2]   But entirely aside from that question, the plaintiff in this case has declared upon his lease and seeks in his declaration to recover the penal sum of $500; by reason of the failure, refusal and neglect of the defendant to keep and perform the covenant aforesaid the plaintiff claims that the penalty provided in the lease is justly due him, demanding the same

and being refused he brings this suit. [We are of the opinion that there is no evidence in this case which shows such a breach of the conditions on the part of the lessee as would give the plaintiff the right to declare a forfeiture and to enter judgment in the manner or at the time which he did; and as his right to recover in this action depends entirely upon his being able to prove a breach of the conditions upon the part of the defendant he has failed to make out a case in the judgment of the court.] [4] [This being our view of the case we will give binding instructions, and direct you to find a judgment in favor of the defendant.] [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were various portions of charge as above, quoting them.

*Edmund G. Butler, D. M. Hobbes* and *John T. Lenahan,* for appellant.

No printed brief for appellee.

OPINION BY HENDERSON, J., April 29, 1913:

The plaintiff leased a farm to the defendant by a contract dated March 11, 1907. The term granted was one year from the following April 1. The lessee was to render to the lessor "one-third of all grain and potatoes raised; one-half the hay; one-half the fruits; and all of said products are to be gathered by the party of the second part and housed until called for. The grain and part of the fruit to be delivered at Shickshinny freight depot if desired, the said J. E. Franklin to pay all turnpike toll incident thereto." The lease also contained the following provision: "On failure to pay the rent shares as aforesaid the party of the second part stands bound in the penal sum of $500 and confesses judgment for that sum waiving exemption, appraisement, appeal and release of all errors." The tenant took possession of the farm and

engaged in its cultivation. The plaintiff alleging that the defendant had made default in the delivery of the former's share of the crops caused a judgment to be entered on the penal clause in the lease and issued execution thereon. Subsequently on the application of the defendant the judgment was opened to permit him to make a defense and an issue framed to determine whether the defendant was liable to damages for a breach of his covenants in the lease. The learned trial judge gave binding instructions for the defendant and that action is assigned for error. Two defenses were presented by the appellee: first, that no breach of the contract had occurred; second, that the plaintiff evicted the defendant.

The case was disposed of in the court below on the conclusion that the evidence did not establish a default on the defendant's part. The particular complaint which the plaintiff undertook to make good was that the lessee had not delivered the crops at Shickshinny as covenanted for. It will be observed on an examination of the lease that the only part of the crop covered by this provision was the grain and part of the fruit. The grain was shown to have consisted of oats and buckwheat. The plaintiff sold his share of the oats and gave an order on the defendant to the purchaser for it. The oats was not delivered because as the defendant informed the purchaser it was not yet all thrashed and he was, therefore, not prepared to make the delivery. Part of the oats had been thrashed in the summer but only one-third of that at the most was the property of the plaintiff and, indeed, it may be doubted whether until the whole crop was thrashed and its amount ascertained the plaintiff could be said to have a divisible interest in the portion thrashed. We have examined the evidence carefully and agree with the court below that there is not such evidence of a breach in this respect as to support the judgment against the defendant for damages. And this is true also with reference to the fruit. The fruit more particularly referred to was a small quantity of harvest apples growing on one tree on the farm.

Just when the request was made for these apples does not appear but is said to have been in June. It is not at all clear that under the terms of the lease it was the duty of the tenant to carry apples to the landlord at any time he requested him so to do. He was bound to deliver to him on request one-half of the fruit. The evidence is that this was largely winter apples which would be gathered late in the fall. The apples together with the other products were to be gathered by the tenant and "housed until called for." This seems to contemplate the gathering of the whole crop, and a division proportionate to the interests of the parties. However that may be, we do not regard the evidence on this point as justifying the enforcement of the penalty on the lease. There was no obligation on the tenant to deliver the potatoes and hay at Schickshinny nor to deliver the grain until after it was all thrashed. We are not able to agree with the contention of the learned counsel for the appellant that the case is a clear breach of the defendant's obligation under the lease. We are to consider the relation of the parties at the time the judgment was entered. The plaintiff asserts that the lease was broken by the defendant's default prior to October 24, when the judgment was entered. What the landlord's rights may be on the lease after the end of the term we need not consider. We are satisfied that the court was not in error in holding that there was a lack of evidence of such a breach in the contract at the date of the entry of judgment as would support the judgment.

There was some evidence that the defendant promised to pay rent after the eviction set up and which would require the submission of the case to the jury on that subject, but we need not consider that in view of the conclusion reached on the first branch of the case.

Judgment affirmed.